IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

OLYMPUS INSURANCE COMPANY
a/s/o MARCOS CRUZ,
           Plaintiff,           Case No:

v.

BROAN NUTONE,

                          JURY DEMAND
           Defendant.

## COMPLAINT

NOW COMES Plaintiff, Olympus Insurance Company a/s/o Marcos Cruz, by and through their attorneys, Cozen O'Connor, as and for its Complaint against Defendant Broan Nutone, states as follows:

## PARTIES

1. Plaintiff, Olympus Insurance Company a/s/o Marcos Cruz ("Olympus"), is a Florida corporation with a principal place of business located at 7380 West Sand Lake Road, Suite 115, Orlando, Florida.

2. At all relevant times, Olympus was duly authorized to issue policies of insurance and conduct business in the State of Florida.

3. Defendant, Broan-Nutone LLC ("Broan"), is a company duly organized and existing under the laws of Wisconsin, with its principal place of business located at 926 West State Street, Hartford, WI 53027.

4. At all times relevant hereto, defendant Broan was in the business of manufacturing and supplying ceiling exhaust fans.

## GENERAL ALLEGATIONS

5.  At all relevant times, plaintiff Olympus provided property insurance coverage to Marcos Cruz for his residence located at 7526 Country Run Parkway, Orlando, Florida 32818 (the "Subject Property").

6.  On or about October 24, 2013, a fire started at the Subject Property (the "Subject Fire").

7.  The fire at the Subject Property originated at or around a defective ceiling exhaust fan manufactured and placed into the stream of commerce by Broan.

8.  As a direct result of the fire, the real and personal property of Marcos Cruz sustained property damage from smoke, fire and water.

9.  Marcos Cruz duly made a claim pursuant to his policy of insurance with plaintiff, Olympus.

10. Plaintiff Olympus has made payments to and on behalf of Marcos Cruz in excess of $252,275.51.

11. To the extent of its payments and pursuant to the terms of its insurance contract, and otherwise by operation of law, plaintiff Olympus is contractually, legally and equitably subrogated to Marcos Cruz rights against defendant Broan.

## COUNT I – STRICT LIABILITY

12. Plaintiffs incorporate by reference paragraphs "1" through "13" as though fully set forth at length herein.

13. Broan designed, manufactured, supplied and/or distributed into the stream of commerce a defective, unreasonably dangerous product, posing an extreme and unreasonable risk of fire ignition and damage to users and consumers.

2

14. The Broan product was placed into the stream of commerce with the expectation that it could be used in residences and homes.

15. Marcos Cruz were the ultimate user of the Broan product and a member of a class whom Broan should expect to use its product or to share in its use.

16. It was reasonably foreseeable that defendant Broan's defective and unreasonably dangerous product would cause damage to the Subject Property.

17. The Broan product was defective when it was placed into the stream of commerce.

18. As a direct and proximate result of the defective condition of the ceiling exhaust fan, plaintiff's subrogee, Marcos Cruz suffered substantial losses, for which defendant Broan is strictly liable in tort.

WHEREFORE, plaintiff Olympus demands judgment in its favor and against defendant Broan, for damages sustained as a direct and proximate cause of the Subject Fire, together with interests and costs.

## COUNT II – NEGLIGENCE

19. Plaintiff incorporates by reference paragraphs "1" through "18" as though fully set forth at length herein.

20. Broan owed a duty to the users and consumers of the ceiling exhaust fan to exercise reasonable care in the design, manufacture and distribution of the product.

21. The Subject Fire and subsequent damages were caused by the negligent acts and/or omissions of Broan, acting by and through its agents, servants and employees in the following particulars:

    a. designing, manufacturing, selling or distributing a defective ceiling exhaust fan;

    b. failing to provide adequate thermal protection in the fan motor;

    c.    failing to provide adequate coil insulation in the fan motor;

    d.    failing to warn of the risk of fire created by the ceiling exhaust fan;

    e.    failing to design the fan properly and safely,

    f.    failing to manufacture the fan properly and safely,

    g.    failing to comply with industry standards for the proper design and manufacture of the fan; and

    h.    otherwise failing to exercise due care in the design, manufacture, sale or distribution of the ceiling exhaust fan.

22.    As a direct and proximate result of the defective condition of the ceiling exhaust fan, plaintiffs' insureds suffered substantial losses, for which defendant Broan is liable in tort.

WHEREFORE, plaintiff Olympus demands judgment in its favor and against defendant Broan, for damages sustained as a direct and proximate cause of the Subject Fire, together with interests and costs.

## COUNT III – BREACH OF IMPLIED WARRANTY

23.    Plaintiffs incorporate by reference paragraphs "1" through "22" as though fully set forth at length herein.

24.    In supplying the ceiling exhaust fan, defendant Broan impliedly warranted that the ceiling exhaust fan was fit for the ordinary purposes for which it was intended, and was of good and merchantable quality.

25.    Broan breached its express and/or implied warranties by supplying a product unfit for its ordinary purposes, in that the ceiling exhaust fan posed a substantial and unreasonable risk of fire ignition and consequent damage to purchasers, users, neighboring property owners and/or consumers.

26.    The likelihood that a defective ceiling fan would cause property damage was reasonable.

27. As a direct and proximate result of the defective condition of the ceiling exhaust fan, plaintiffs' insureds suffered substantial losses, for which defendant Broan is liable in tort.

WHEREFORE, plaintiff Olympus demands judgment in its favor and against defendant Broan, for damages sustained as a direct and proximate cause of the Subject Fire, together with interests and costs.

Dated: October 23, 2015

                      COZEN O'CONNOR

BY   /s/ Joseph F. Rich
      JOSEPH F. RICH, ESQ.
      Southeast Financial Center
      200 South Biscayne Boulevard
      Suite 4410
      Miami, FL 33131
      786-871-3941
      786-220-0204 (facsimile)
      jrich@cozen.com
      Attorneys for Plaintiff

Of Counsel:
Mark E. Utke
Cozen O'Connor
One Liberty Place
1650 Market Street
Philadelphia, PA  19103
215-665-2164
215-665-2013 (facsimile)
mutke@cozen.com